IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1   Tennyllia Barnett,<br><br>                    Plaintiff,<br><br>                v.<br><br>2   DISA Global Solutions, Inc. d/b/a DISA,<br><br>                    Defendant. | Case No: 4:24-cv-00181-JFJ<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff Tennyllia Barnett ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against DISA Global Solutions, Inc. d/b/a/ DISA ("*DISA*" or "*Defendant*") as follows:

## **INTRODUCTION**

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq*.

2. This action seeks relief against Defendant for reporting inaccurate and/or misleading information on Plaintiff's consumer report in violation of § 1681e(b).

3. This action also seeks relief against Defendant for its failure to maintain strict procedures to ensure that the adverse public record information reported in its consumer reports is complete and up to date; Defendant's failure to comply with the longstanding requirements of Section 15 U.S.C. § 1681k(a) denied Plaintiff of this important right.

4. Plaintiff seeks an Order enjoining Defendant's injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendant's erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

5. As a result of Defendant's conduct in misreporting and failing to reasonably

1

investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: lost salary and benefits; loss of health insurance coverage; loss of bonus; anxiety; emotional distress; increased debts; humiliation; depression; loss of enjoyment of life; embarrassment; extensive time spent rectifying her background report; increased debts; frustration and mental anguish; unable to continue to pay monthly bills; dissemination of this inaccurate reporting to multiple third party employers and creditors; adverse employment action; cost in time and expense of taking online courses; out of pocket cost in time and money seeking new employment.

6. Plaintiff seeks to recover monetary damages for Defendant's violations of the FCRA and to have an Order issued by this Court enjoining Defendant from persisting in their violative behaviors.

## JURISDICTION AND VENUE

7. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## PARTIES

9. Plaintiff Tennyllia Barnett is an adult who is a citizen of the State of Oklahoma residing in Oklahoma County.

10. Plaintiff is a "*consumer*" as that term is defined by 15 U.S.C. § 1681a(c).

11. Defendant DISA is a Delaware corporation which has a principal place of business located at 11740 Katy Fwy, Houston, Texas 77079.

12. Defendant DISA is a consumer reporting agency (hereinafter "*CRA*") as defined under 15 U.S.C. 1681a(f).

13. Defendant DISA by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

14. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is

essential to the continued functioning of the banking system.

(2)   An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)   Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)   There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

15.   FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

16.   CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

17.   The FCRA gives consumers the right to obtain copies of their consumer reports because Congress deemed that it is critical that consumers are aware that if an employer intends to procure a report or has already procured a report and plans to take adverse action based on the report's contents, that the consumer can review the report to ensure it does not contain any errors. These disclosure requirements under the FCRA are particularly important to consumers because consumers need to know when and how they are going to be evaluated for employment based on a consumer report.

18.   Plaintiff has a legally protected interest in the Defendant fulfilling its duties under FCRA so that the consumer information being furnished and reported by the Defendant is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

19. Plaintiff's injury is particularized and actual and is directly traceable to Defendant's conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

20. On or around February 14, 2024, Plaintiff applied for employment as a Registered Nurse.

21. After submitting her application, Plaintiff was invited for a telephonic interview and was offered the position, in which plaintiff verbally accepted.

22. Following Plaintiff's offer and verbal acceptance, Plaintiff signed a written agreement and began preparing for her role.

23. To commence employment, Plaintiff was informed that a background record of her criminal history would be obtained from DISA prior to the start of her employment.

24. Upon information and belief, Plaintiff's background report was obtained from DISA which compiled and disseminated information for employment purposes.

25. On or around March 3, 2024, Plaintiff was informed that due to the background check, the employer was considering adverse action against her and delayed her initial start date to investigate the information further (the "*Adverse Decision*").

26. Plaintiff was unsure and left to speculate whether the information obtained on the background report was inaccurate. DISA provided Plaintiff with a copy of the report to ensure whether the public information was accurate.

27. Upon review, Plaintiff discovered for the first time, that the background report furnished inaccurate information that was false and misleading, including that her nursing license had been revoked and deactivated.

28. As Plaintiff's nursing license was never revoked or deactivated, this information furnished by DISA was wholly inaccurate.

29. Upon information and belief, prior to the Adverse Decision, DISA was aware of its obligations under the FCRA.

30. Upon information and belief, DISA failed to follow reasonable procedures to assure maximum possible accuracy.

31. Upon information and belief, DISA failed to diligently and carefully verify Plaintiff's background information consistent with its duty under the FCRA.

4

32. As a result of DISA's violative conduct and unlawful practices, Plaintiff has sustained actual damages including, but not limited to: delayed employment; loss of employment wages; delayed opportunity to obtain health insurance benefits; loss of opportunity of enjoyment of life; humiliated; embarrassment within her community with family and friends; emotional distress and anxiety; extensive time spent by Plaintiff investigating to rectify the situation; unfair adverse treatment; out of pocket expenses to obtain, review, update and correct the inaccuracy on the report as well as time corresponding with DISA to rectify the inaccuracy; out of pocket costs in time and money seeking new employment.

## COUNT I
**Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b).**

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

34. Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and consumer files it published and maintained concerning Plaintiff.

35. Upon information and belief, Defendant's conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate consumer reporting.

36. In violation of §§ 1681e(b), Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

37. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages which have been further described in the above statement of facts.

38. In violation of § 1681o and § 1681n, Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

39. Defendant is liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures.

40. As a result of Defendant's violations of 15 U.S.C. §§ 1681e(b) Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

41. For the foregoing reasons, Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o. Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and consumer files it published and maintained concerning Plaintiff.

## COUNT II
### Defendant's Violations of the FCRA, 15 U.S.C. § 1681k(a) *et seq.*

42. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein.

43. The FCRA imposes specific requirements on consumer reporting agencies, like Defendant, that sell and distribute a consumer report for employment purposes that include public records.

44. Specifically, 15 U.S.C. § 1681k(a) requires that a consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall (1) at the time such public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgements shall be considered up to date if the current record status of the item of the report is reported.

45. Upon information and belief, Defendant violated 15 U.S.C. § 1681k(a) because it failed to maintain strict procedures to ensure the adverse information it reported about Plaintiff was complete and up to date.

46. Defendant's consumer report about Plaintiff was furnished for an employment purpose and contained one or more public records of the type that may (and did) adversely affect an employer's hiring decision.

47. Plaintiff did not learn of the adverse information in Defendant's consumer report until Plaintiff's employer informed her of the adverse action.

48. Plaintiff did not even know that Defendant had provided a consumer report for employment purposes (which included adverse public records information) to Plaintiff's employer until after the job offer was rescinded.

49. Defendant's consumer report about Plaintiff provided to Plaintiff's employer included inaccurate and false criminal records information that conflicted with the information available in the public records.

50. Defendant failed to comply with the rigors of 15 U.S.C. § 1681k(a) and therefore must necessarily rely upon its compliance with 15 U.S.C. § 1681k(a).

51. Upon information and belief, Defendant did not itself, or by its own, court research or vendors attempt to verify the completeness or current status of the public records pursuant to 15 U.S.C. §1681k(a), within (30) thirty days, before it furnished and resold these records in one of its reports.

52. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including but not limited to: delayed start employment; wages, and benefits; loss of time and money trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

53. Defendant willfully violated 15 U.S.C. § 1681k(a) in that its conduct, actions, and inactions were willful, rendering Defendant liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

54. For the foregoing reasons, Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**JURY DEMAND**

55. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendant, as follows:

a  Adjudging that Defendant's actions violated the FCRA;

b  Enjoining Defendant from persisting in violative behaviors and requiring Defendant to correct or otherwise delete the accounts at issue in Plaintiff's consumer report;

c  Granting Plaintiff actual damages against Defendant pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

d  Granting Plaintiff statutory damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

e  Granting Plaintiff punitive damages against Defendant pursuant to 15 U.S.C. § 1681n(a)(2);

f  Granting Plaintiff costs and reasonable attorneys' fees against the Defendant pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

g  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h  Such other and further relief as the Court determines is just and proper.

DATED: April 22, 2024

                                **SANDERS LAW GROUP**

                                By: */s Craig B. Sanders*
                                Craig B. Sanders, Esq.
                                333 Earle Ovington Boulevard, Suite 402
                                Uniondale, New York 11553
                                Email: csanders@sanderslaw.group
                                Office: (516) 203-7600
                                Fax: (516) 282-7878
                                *Attorneys for Plaintiff*
                                Our File No.: 129876